UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CONSOLIDATED MANAGEMENT
SOLUTIONS, INC.,

      Plaintiff,

vs.                                         Case No.: 3:07-cv-1192-J16-MCR

MICHAEL DENNIS d/b/a
DENNIS ELECTRIC,

      Defendant.
_____/

## ORDER

Before the Court is Defendant's Motion to Dismiss (the "Motion") for improper venue, lack of personal jurisdiction and failure to state a claim upon which relief may be granted. (Dkt. 8). Plaintiff responds in opposition (the "Response"). (Dkt. 10). For the reasons that follow, the Motion (Dkt. 8) will be **GRANTED**.

**I.    Background**

Plaintiff is a Florida based general contractor. Defendant is a South Carolina based electrical contractor. On September 27, 2006, Plaintiff and the Kroger Company ("Kroger") entered into a contract in which Plaintiff agreed to serve as the contractor for the Tolleson System Controls project located in Tolleson, Arizona (the "Project"). On December 12, 2006, Plaintiff and Defendant entered into a subcontract agreement (the "Subcontract") in which Defendant agreed to perform certain electrical work for the Project. Section 23B of the Subcontract, the forum selection clause (the "Clause") reads "All Parties hereby agree

that the construction, interpretation, performance and enforcement of this Subcontract shall be in accordance with the laws of the State of Florida, and specifically the courts in Clay County, Florida." (Dkt. 1, Ex. 1).

On October 31, 2007, Kroger terminated Plaintiff from the Project. Plaintiff claims its termination was the result of "defective work performed" by Defendant. (Dkt. 1, Ex. 2). On November 8, 2007, Plaintiff sent Defendant a letter terminating it for default. (Dkt. 1, Ex. 3). On December 18, 2007, citing diversity as grounds for jurisdiction, Plaintiff filed its four-count complaint alleging Breach of Contract (Count I), Fraud (Count II), Negligent Misrepresentation (Count III) and Tortious Interference with Contract (Count IV).

## II.   Standard of Review

The Eleventh Circuit has determined that motions to dismiss premised on choice of forum and/or choice of law clauses are properly brought pursuant to 12(b)(3) of the Federal Rules of Civil Procedure as motions to dismiss for improper venue. Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998). When considering a motion to dismiss for improper venue, "the court may consider matters outside of the pleadings such as affidavit testimony, 'particularly when the motion is predicated upon key issues of fact.'" Wai v. Rainbow Holdings, 315 F.Supp.2d 1261, 1268 (S.D. Fla. 2004) (internal citations omitted).

On a motion to dismiss based on improper venue, the plaintiff bears the burden of showing that the venue forum is proper. Wai, 315 F.Supp.2d at 1268. Unless contradicted by a defendant's affidavits, a court must accept all allegations in the complaint as true. When

an allegation is challenged, a court may examine facts outside of the complaint and determine whether venue is proper. Id. Finally, a court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. Id.

## III.   Analysis

Defendant claims that "nowhere in the Subcontract . . . does [D]efendant . . . agree to venue in this court or any other court located in Duval County, Florida." (Dkt. 8 at p. 7).

Plaintiff responds that the Clause is "a valid and enforceable contractual provision selecting this Court as the agreed forum for any dispute between the parties." (Dkt. 10 at p. 1).[1] In addition, Plaintiff argues that the Clause is valid under both Florida and Federal law and should be enforced in particular because Defendant cannot demonstrate that enforcement of the Clause would be unreasonable or unjust under the circumstances. (Dkt. 10 at p. 4).

**Venue**

It is well-settled law that parties to a contract may bargain in advance to select the forum in which their disputes will be adjudicated. M/S Breman v. Zapata Off-Shore Co., 407 U.S. 1, 12-14 (1972). The Eleventh Circuit has established that consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law, under 28 U.S.C. § 1401(a), not state law. See P&S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) (citing to Stewart Org., Inc. v. Ricoh Corp., 487 U.S.

---

[1] Plaintiff notes that while it could have filed suit in state court "in the interest of judicial economy and to anticipate possible removal from state to federal court, it chose to file suit in this Court. Furthermore, under Local Rule 1.02(b)(1), this [C]ourt encompasses Clay County, as well as Duval County." (Dkt. 10 at p. 6).

3

22, 28-29 (1998)). The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general. Canon USA, Inc., 331 F.3d at 807 (citing *In re* Ricoh Corp., 870 F.2d 570, 573-74 (11th Cir. 1989)). Thus, a forum selection clause should be enforced unless a strong showing is made that enforcement would be unreasonable and unjust or that the clause was invalid for such reasons as fraud or overreaching. See *In re* Ricoh Corp., 870 F.2d at 573-74.

For the purposes of this motion only, the Court finds that the Clause is valid and enforceable and that venue is proper in Clay County Court if it is otherwise valid. Defendant expended no real time or effort countering the substantial and persuasive arguments Plaintiff made in support of its contention that the Clause is valid and enforceable. Therefore, Court will not belabor this point.

**Personal Jurisdiction**

Defendant claims that this Court lacks personal jurisdiction over it. Specifically, Defendant claims that "there is absolutely no connection between [D]efendant . . . and the State of Florida other than the fact that [Plaintiff's] offices are located here." (Dkt. 8 at p. 2). In a sworn affidavit (Dkt. 9), Defendant informs the Court that it:

- has one only one office, which is located in Hollywood, South Carolina;

- conducts no business in Florida;

- has not signed any contracts in Florida and provides no services in Florida; and

- has no employees living or working in Florida.

In addition, Defendant informs the Court that the only contact between it and Florida

is the Subcontract, which should not constitute "contact" *per se* as it was signed in South Carolina for work to be performed outside of the State of Florida.  Finally, Defendant claims that all payments made pursuant to the Subcontract were made in South Carolina either directly to Defendant's owner or into a South Carolina bank account maintained by Defendant.

Plaintiff responds that under Florida's long arm statute jurisdiction is proper before this Court because of substantial "in-state communications." (Dkt. 10 at p. 13; Ex. 3 (Plaintiff's director lists specific communications[2] in the affidavit provided)).  Specifically, Plaintiff claims that Defendant negotiated the Subcontract in part in Florida by submitting its initial bid to Florida for consideration.  In addition, Plaintiff claims that Defendant submitted multiple payment invoices and exchanged electronic correspondences including faxes with Plaintiff while the Project was ongoing.  Plaintiff further claims that Defendant made various phone calls to Plaintiff's representatives in Florida.  Plaintiff claims that under a Florida state court ruling, Blumberg v. Steve Weiss & Co., Inc., 922 So.2d 361 (Fla.3rd

---

[2] Plaintiff's President offers a sworn affidavit in which he claims, without providing any actual supporting documentation, that:

> [W]hile the Project was under consideration, Defendant made repeated contact with me and other representatives . . .all of whom are located and work in Florida.  These contacts included, but were in no way limited to, invoices sent to [Plaintiff] in Florida for payment, telephone calls to [Plaintiff] personnel in Florida, the execution of the Agreement in Florida, and sending correspondence (letters, e-mails and faxes) to [Plaintiff] personnel.  These contacts were made in relation to the [Subcontract . . . .

(Dkt. 10, Ex. 3, pp. 2-3).

DCA 2006), the communications enumerated above "may form the basis for personal jurisdiction over a non-resident Defendant if the alleged cause of action arises [from] those communications." (Dkt. 10 at p. 13).

For a non-resident defendant to be subject to personal jurisdiction, two requirements must be met: first, the plaintiff must allege sufficient facts to bring the action within the ambit of the long-arm statute, and second, assuming that the first requirement is met, the defendant must have sufficient minimum contacts with the state to satisfy federal due process requirements. Belz Investco Ltd. Partnership v. Groupo Immobilianio Cababie, S.A., 721 So.2d 787 (Fla. 3rd DCA 1998). Nida Corp. v. Nida, 118 F.Supp.2d 1223 (M.D. Fla. 2000).

In a diversity action, a court may exercise personal jurisdiction over a non-resident defendant only to the extent permitted by the long-arm statute of the forum state. See Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V., 701 F.2d 889, 890 (11th Cir. 1983). Florida's long-arm statute is Fla. Stat. § 48.193. Florida's long-arm statute provides for two distinct categories of personal jurisdiction: specific jurisdiction conferred under § 48.193(1) and general jurisdiction conferred under § 48.193(2). Miller v. Berman, 289 F.Supp.2d 1327, 1331 (M.D. Fla. 2003). A court may exercise specific jurisdiction over a non-resident defendant only when plaintiff's cause of action arises from or is directly related to a defendant's contacts with the forum state. Alternatively, a court may exercise general jurisdiction when the suit does not arise out of the non-residents's activities in the forum state so long as the non-resident is engaged in substantial and not isolated activity in the state.

Subsection (1) of § 48.193, Florida's long-arm statute provides for personal jurisdiction over persons who "conduct [ ] . . . a business or business venture in this state." Courts strictly construe Fla. Stat. § 48.193, and the party invoking jurisdiction has the burden of pleading and proving facts that would justify the exercise of personal jurisdiction. Id.

Although the Clause requires enforcement of disputes arising under the Subcontract in Florida, specifically, in the courts of Clay County, Florida, the mere execution of a forum selection clause is insufficient to confer long-arm jurisdiction over an out-of-state defendant. McRae v. J.D./M.D., Inc., 511 So.2d 540, 541 (Fla. 1987). In Florida, there must be an independent basis to confer long-arm jurisdiction. Vacation Ventures, Inc. v. Holiday Promotions, Inc., 687 So.2d 286, 290 (Fla. 5th DCA 1997).

In McRae the Florida Supreme Court held that a forum selection clause designating Florida as the forum cannot operate as the basis for a court in Florida to exercise personal jurisdiction over an objecting non-resident defendant. McRae, 511 So.2d at 542. Instead the party asserting jurisdiction must separately establish one of the enumerated grounds under the long-arm statute wholly apart from the forum selection clause. Id. Subsection (2) of § 48.193, Florida's long-arm statute, reads:

> A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

To support a court's exercise of jurisdiction under subsection (2) of Florida's §

48.193, a defendant's business contacts must be especially pervasive and substantial. Indeed, to support the court's exercise of general jurisdiction, a defendant's business contacts with the forum "must be especially pervasive and substantial ..." General Cigar Holdings, Inc. v. Altadis, S.A., 205 F.Supp.2d 1335, 1343 (S.D. Fla. 2002), aff'd 54 Fed. Appx. 492 (11th Cir. 2002). The contacts "must be so extensive to be tantamount to [a defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [the forum state's courts] in any litigation arising out of any transaction or occurrence taking place anywhere in the world." Baker v. Carnival Corp., 2006 WL 3360418, *2 (S.D. Fla. Nov. 20, 2006) (slip copy) (quoting Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 787 (7th Cir. 2003)) (internal quotation marks omitted).

The Complaint (Dkt. 1) does not expressly allege any specific basis for jurisdiction under Florida's long-arm statute. The Response (Dkt. 10) also fails to offer any specifics. The Court assumes then that the Clause must be the only jurisdictional hook available to Plaintiff. Even assuming, as the Court did above, that the Clause is valid and enforceable, the Clause only provides Plaintiff with the momentum necessary to carry it over the Court's first level of inquiry. That is, the Clause is enough to bring this action within the ambit of Florida's long-arm statute. However, the mere presence of the Clause has no bearing on the Court's second level of inquiry - does Defendant have the contacts necessary to establish jurisdiction under Florida's long-arm statute or federal due process?

Plaintiff provides a laundry list of what it terms substantial "in-state" communications

it received from Defendant when negotiating and executing the Subcontract - these include faxes, telephone calls, payments made under the Subcontract and progress reports Defendant sent to Plaintiff prior to Plaintiff's termination from the Project.  These sporadic and short-lived contacts cannot be classified as substantial. They are certainly not the pervasive, continuous and systematic contacts necessary to justify personal jurisdiction. In Rexam Airspray, Inc. v. Arminak, 471 F.Supp.2d 1292, 1303, the court stated, "In this case Plaintiff simply did not establish sufficient contact between Defendants and Florida in order to satisfy Florida's long-arm statute. Because 'general jurisdiction allows a court to exercise jurisdiction over any type of suit whatsoever, Florida requires that the contacts must be especially pervasive and substantial to satisfy § 48.193(2).'" That same sentiment holds true here.

Plaintiff cites Blumberg for the proposition that "Florida courts have ruled that telephonic, electronic or written communications into Florida may form the basis for personal jurisdiction over a non-resident defendant if the alleged cause of action arises from those communications.  In Blumberg a Florida consumer of nutritional supplement brought a products liability action against a New York seller of an ingredient containing ephedra that was incorporated into a supplement that caused permanent injuries to a consumer who ingested it.

Plaintiff's reliance on Blumberg is unavailing for two reasons.  First, Blumberg dealt with specific jurisdiction under certain sections of § 48.193.  Second, the Blumberg court ultimately found that the seller did not have sufficient contacts with Florida in order for

9

Florida to constitutionally exercise jurisdiction.

For a case more on point, Plaintiff is directed to Gulf Atlantic Transport Co. v. Offshore Tugs, Inc., 740 F.Supp 823 (M.D. Fla. 1990) (Melton, J.). In Gulf Atlantic, a non-resident defendants' alleged contacts in Florida, which included the defendants' telephoning plaintiff in Florida, sending telex messages, being parties to a contract which was negotiated by telephone and allegedly accepted in Florida, sending daily reports to Florida and contacting the plaintiff by radio in Florida were insufficient to establish personal jurisdiction over non-resident defendants under Florida's long-arm statute. In Gulf Atlantic the court also reviews each of the grounds alleged for jurisdiction and refutes each one as insufficient. Those same grounds for insufficiency are applicable in this case.

In view of the Court's finding that Plaintiff has failed to prove a statutory basis for personal jurisdiction over Defendant, it is unnecessary to engage in federal due process analysis. Id. at 831. It is also unnecessary for the Court to consider Defendant's substantive arguments about the Complaint.

**IV.    Conclusion**

For the reasons above, the Motion (Dkt. 8) is **GRANTED**. This case is **DISMISSED**. The Clerk is directed to take all appropriate action needed to **CLOSE** this case.

**DONE** and **ORDERED** from Chambers in Jacksonville, Florida on this 7thday of July 2008.

Copies to: Counsel of Record

JOHN H. MOORE II
United States District Judge